*Court of Common Pleas, Dauphin County, September 5th,* 1862.

THE COMMONWEALTH OF PENNSYLVANIA *v.* THE NATIONAL SAFETY INSURANCE AND TRUST COMPANY.

In an action by the State for taxes, judgment cannot be taken for want of a special affidavit of defence, where the narr merely contained the common counts, and no copy of the claim, as settled by the accounting department, is set forth. The commonwealth must count specially on the balance due, or file a copy of the account, else it cannot demand a special affidavit of defence.

BY THE COURT.—The affidavit, as filed in this case, sets forth facts, which *primá facie* amount to a good defence against a suit for taxes on dividends or capital stock, unless it might probably be on the former for the half of one year. What the claim is for, there is nothing on the record to show; but the attorney-general relies on the fact that a settlement took place at the accounting department in which a balance was struck against this corporation, and by which, as no appeal was taken in due time, it is concluded. No copy of the claim by the commonwealth has been filed, nor is any specially set forth in the narr; and we do not consider the averment that "an account was then and there settled, approved by the accounting officers of the commonwealth of Pennsylvania," anything more than the common count on an account stated. The suit is in assumpsit, and the narr only contains the common money counts for $300 money had and received, and a like sum in an account stated as aforesaid, without more. This has never been held to confine the plaintiff either to the sum or date. The amount is generally laid sufficiently large to cover the claim, and the date any time before suit brought.

Such a narr in general terms is sufficient under the act of 1846, which required nothing but a general affidavit of defence. It was put to the conscience of the party to meet a broad claim

[The Commonwealth of Pennsylvania v. Drexel & Co.]

by an oath equally broad. The act of 7th April, 1862, requires a special affidavit, stating the nature and character of the defence, which would seem to require either a change in the form of declaration, by making it sufficiently special to show precisely the nature of the claim, or a copy to be filed as in cases under the statute or our rules of court. It is very true that, where the affidavit merely states facts, which could in no event amount to a defence, judgment will be given on the general narr. But where, as in this case, the affidavit makes out a good defence in the first instance to all that is stated in the declaration, the commonwealth's officers cannot reply new and extrinsic matter by way of estoppel. That could be done in pleading, or on the trial, but not in cases like the present. The commonwealth must therefore count specially on the balance due, setting forth the exact sum as settled by the officers, on what account the same was due, when settled, that it was on notice, or that notice was afterwards given as required by law, and that it is in full force and unappealed from; or file a copy of the account as evidence of the claim, also a special affidavit, stating facts which might be a good defence to a claim that the State by possibility *might* have against the defendant, and which *could* be covered by such a narr, will be sufficient. We would advise that hereafter actions of debt should be brought for the balances found due, and special declarations filed as above mentioned; or that copies of the claim be filed as in general practice under the laws requiring special affidavits, or as directed by our rules of court. Judgment must be refused in this case, the affidavit being apparently sufficient.

*Meredith, for plaintiff.*

*Spering, for defendant.*